**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

STEVEN CRUMP,

      **Plaintiff,**

      v.                                    CASE NO.  24-3098-JWL

VITAL CORE HEALTH STRATEGIES, LLC, et al.,

      **Defendants.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This is a pro se civil rights action under 42 U.S.C. § 1983 brought by Plaintiff and state pretrial detainee Steven Crump, who is currently housed at the Johnson County Adult Detention Center (JCADC). (Doc. 1.) Plaintiff has been granted leave to proceed in forma pauperis in this action and has not been assessed an initial partial filing fee at this time. (Doc. 3.) The Court has conducted an initial review of the complaint and has identified deficiencies that are set forth below and that leave this matter subject to dismissal in its entirety. Plaintiff is hereby required to show good cause, in writing to the Honorable John W. Lungstrum, United States District Judge, why this action should not be dismissed due to the deficiencies that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

I.    **Nature of the Matter before the Court**

Plaintiff names as Defendants in this matter Vital Core Health Strategies, LLC, which is referred to in this order as Vital Core, and which contracts to provide medical services for inmates at the JCADC; (fnu) Ehrlich, Vice President of Vital Core; (fnu) Stanton, a doctor working for Vital Core; the unnamed Head Health Administrator of Vital Core; Becky (lnu), a Vital Core Supervisor; Calvin Hayden, the Sheriff of Johnson County, Kansas; Captain M. Levin and

Lieutenant M. Weaver, both of the Johnson County Sheriff's Office; and the Johnson County Board of County Commissioners. (Doc. 1, p. 1-3.)

Highly summarized, Plaintiff alleges that he has a diagnosed spinal condition/spinal injury but Defendants have denied him the use of a back brace, pursuant to Vital Core policy, despite an outside medical provider prescribing that Plaintiff use a back brace and engage in in-person corrective therapy. Similarly, Plaintiff contends that Defendants have denied him the opportunity to receive off-site healthcare and they have delayed necessary medical treatment. Moreover, Plaintiff alleges that Defendants have denied him the ability to seek relief through grievances, are providing him with unconstitutionally inadequate medical care, and are "medically abandoning" him. Plaintiff further alleges that Vital Core staff, including the named Vital Core Defendants, are practicing outside and above their professional capabilities, disregarding the recommendations of more qualified medical providers, and erroneously asserting that Plaintiff does not have a spinal injury.

Plaintiff lists seven Counts in his complaint, alleging the violation of his constitutional rights as guaranteed by the Fourteenth Amendment to the United States Constitution and asking this Court to exercise jurisdiction over additional state-law-based claims. (Doc. 1, p. 2, 24.) As relief, Plaintiff seeks $1,000,000.00 in punitive damages and compensatory damages in the amount of $400,000.00 per count. *Id.* at 26.

## II.    Statutory Screening of Prisoner Complaints

Because Plaintiff is a prisoner and because he proceeds without prepaying the filing fee, the Court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III.  Discussion

The Court has conducted the required screening and concludes that this matter is subject to dismissal in its entirety. It is nearly impossible to determine which factual allegations support each individual count in this matter. Although Plaintiff used the required, court-approved form, he has not complied with the directions on the form. For example, the second page of the form provides space for a plaintiff to "[b]riefly state the background of [his or her] case." (*See* Doc. 1, p. 2.) The third page of the form provides spaces for a plaintiff to set forth Counts I and II in this case. *Id.* at 24. For each count, there is a designated space to identify the "constitutional rights, privileges or immunities" the plaintiff believes were violated and a separate designated space to set out the facts that support the claimed violation. *Id.*

At the top of this page, it says "Cause of Action. I allege that the following of my constitutional rights, privileges or immunities have been violated and that the following facts form the basis for my allegations. (If necessary you may attach up to two additional pages . . . to explain

any allegation or to list additional supporting facts.)" *Id.* Additionally, in the subsection labeled "[s]upporting facts," plaintiffs are directed to "[i]nclude all facts you consider important, including names of persons involved, places and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument." *Id.*

Despite these instructions, Plaintiff identifies six Counts in the spaces set aside for Counts I and II. He does not distinctly identify the violation and supporting facts for each of his six claims. Rather, he has inserted between the second and third pages of the form 20 handwritten pages of alleged facts and legal argument. *See id.* at 4-23. To the extent that Plaintiff does allege facts in the appropriate places on the form, it is unclear which counts those facts are intended to support. Thus, the Court concludes that the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure.[1]

### 1. Rule 8

Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (quoting *Perington Wholesale, Inc. v. Burger King Corp.*, 631 F.2d 1369, 1371 (10th Cir. 1979)).

"It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, No. 06-1286, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)). "A complaint has two purposes: to provide the opposing parties fair notice of the claims against them and to allow a court to determine whether a plaintiff is entitled to relief." *Newton v. City of Atchison, Kansas*, 2024 WL 2272565, at *4 (D. Kan. May 20, 2024) (citing *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989)). "These purposes are thwarted when a complaint is unnecessarily long and includes a 'a morass of irrelevancies.'" *Id*. (citing *Baker v. City of Loveland*, 686 F. App'x 619, 620 (10th Cir. 2017)).

Even liberally construing the pro se complaint, the Court cannot determine the precise basis of each claim alleged therein. This means that the complaint would not give opposing parties fair notice of the basis of the claim or claims against them.

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious* v. *Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 n.3 (10th Cir. 2007); *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) (affirming dismissal without prejudice for violation of Rule 8 and stating that "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case"); *Triplett v. U.S. Dept. of Defense*, 2011 WL 1113551 (D. Kan. March 24, 2011) (unpublished). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint to clearly set forth the basis for his claims in this matter.

### 2. Duplicate Claims

When drafting his amended complaint, Plaintiff should ensure that he does not include claims that are duplicative of claims he already has asserted in other § 1983 actions pending before

this Court.[2] To the extent that Plaintiff raises duplicative claims, they will be subject to dismissal without further prior notice to Plaintiff. The general policy against duplicative cases exists because:

> When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process. *See Werner v. Utah*, 32 F.3d 1446, 1447, 1449 (10th Cir. 1994). "[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks omitted) (first alteration in original). "The unnecessary burden placed upon the judicial process in adjudicating these frivolous and malicious lawsuits is obvious." *Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986). "[T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious . . . . No one, rich or poor, is entitled to abuse the judicial process." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam).

*Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013).

The first of Plaintiff's now-pending actions—Case No. 24-3036-JWL—includes claims regarding his medical care at the JCADC, including the treatment (or lack of treatment) he receives for his spinal injury. Even more specifically, Plaintiff alleges in that case the denial of his request for a back brace; he makes a claim of deliberate indifference to serious medical needs and of policies that lead to this deliberate indifference; and he names as defendants the Johnson County Board of Commissioners, Sheriff Hayden, Vital Core, unnamed JCADC deputies, unnamed JCADC medical staff, and Dr. Stanton. *See* Case No. 24-3036-JWL, Complaint, Doc. 1, p. 1, 4, 8, 14.

---

[2] At this time, Plaintiff has nine pro se § 1983 actions—including this one—pending before this Court, all of which were initiated within the last 3-month period. *See Crump v. Vital Core Health Strategies, LLC, et al.*, Case No. 24-cv-3090-JWL (filed June 5, 2024); *Crump v. Vital Core Health Strategies, LLC, et al.*, Case No. 24-3089-JWL (filed June 5, 2024); *Crump v. Johnson Cty. Bd. of Comm'rs, et al.*, Case No. 24-3082-JWL (filed May 24, 2024); *Crump v. Clemens, et al.*, Case No. 24-3076-JWL (filed May 16, 2024); *Crump v. (Inu), et al.*, Case NO. 24-3063-JWL (filed May 10, 2024); *Crump v. Johnson Cty. Bd. of Comm'rs, et al.*, Case No. 24-3046-JWL (filed Mar. 28, 2024); *Crump v. Summit Co., et al.*, Case No. 24-3044-JWL (filed Mar. 25, 2024); and *Crump v. Unified Govt. of Johnson Cty., et al.* Case No. 24-3036-JWL (filed Mar. 13, 2024).

Then, when Plaintiff filed case number 24-3063-JWL, he raised in that action a claim that "he has not received adequate medical care for his injuries," including a specific complaint regarding the denial of a back brace. *See Crump*, 2024 WL 2321084, *2, 4 (D. Kan. May 22, 2024) (unpublished memorandum and order to show cause). In a memorandum and order to show cause issued in case number 24-3063-JWL, the Court noted that Plaintiff

> has already filed a case regarding his medical care and it remains pending. *See Grump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL. The Court ordered a *Martinez* Report regarding Plaintiff's claims in that case. *See id.* at Doc. 7. Therefore, these same claims in the current case are subject to dismissal as duplicative.

*Crump*, 2024 WL 2321084, at *4. In a later order in case number 24-3063-JWL, Plaintiff was again reminded that duplicative claims are subject to dismissal. *See Crump*, 2024 WL 2974835, *2 (D. Kan. June 13, 2024) (unpublished memorandum and order).

Undeterred, Plaintiff has presented in this case his claims that JCADC is providing inadequate medical care for his back, in part based on the denial of a back brace. As already explained to Plaintiff, he is not permitted to seek relief in different lawsuits against the same defendants based on the same claims. A *Martinez* report was ordered and received in case number 24-3036-JWL and all claims of inadequate medical care at the JCADC related to Plaintiff's back injury or condition should be brought in case number 24-3036-JWL. If JCADC or Vital Core staff continue to take action or decline to take action related to Plaintiff's medical care and Plaintiff believes his constitutional rights are violated, he should not file an additional § 1983 action for each alleged violation. Rather, Plaintiff should seek to join the claims and parties necessary in case number 24-3036-JWL as required and as allowed by the Federal Rules of Civil Procedure, including Rules 15, 18, and 20.

Rule 20 governs permissive joinder of parties and pertinently provides:

(2) **_Defendants_**.  Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." _Zhu v. Countrywide Realty Co., Inc_., 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit held in _George v. Smith_ that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." _George v. Smith_, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

In sum, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

Rule 15 addresses supplemental pleadings and provides that:

On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental

pleading within a specified time.

Fed. R. Civ. P. 15(d).

If Plaintiff wishes to file an amended complaint and assert non-duplicative claims in this matter, he must properly use the required court-approved form to file a complete amended complaint. *See* Fed. R. Civ. P. 15. The Court requires the use of the form so that it can readily determine the nature of a plaintiff's claims and the facts supporting each claim. Put another way, the court-approved form helps the Court to identify the particular claims by providing specific places for a plaintiff to identify each individual defendant, each count, and the facts that support each count. The Court cannot make this determination from the current complaint, so Plaintiff must submit a complete amended complaint.

## IV.   Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15.  The amended complaint is not simply a supplement to the original complaint; instead it completely replaces the original complaint. Therefore, any claims or allegations not included in the amended complaint will no longer be before the Court. In other words, Plaintiff may not simply refer in the amended complaint to his initial complaint. The amended complaint must contain all allegations and claims Plaintiff intends to pursue in the action, including those already stated in the original complaint.

That being said, Plaintiff should refrain from making extensive legal argument in the amended complaint. Many of the additional pages inserted into the complaint now before the Court

assert that there are parallels between Plaintiff's circumstances and claims and the circumstances and claims raised in other cases before other courts. This sort of in-depth legal argument is neither necessary nor appropriate to include in the complaint, as explained above.

Plaintiff must write the number of this case (24-3098-JWL) at the top of the first page of the amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). He must also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff may attach additional pages to the form if necessary, as he properly did to identify additional defendants in his current complaint, but Plaintiff should clearly organize the additional pages so that it is clear which portion of the form he is supplementing.

For example, the form provides space for identifying three Counts and explaining the supporting facts for each. If Plaintiff wishes to assert more than three counts in this matter, he may do so, but rather than crossing out the typewritten language on the form and using the space as he wishes, Plaintiff should use additional pages to provide the information required for each count. Plaintiff could, for example, write "Count IV," then identify the allegedly violated constitutional rights, privileges, or immunities, and then write "Supporting Facts" and set forth the facts he believes show the violations identified in Count IV occurred. For any state-law claims that Plaintiff wishes to make, like negligence, he also must set forth the claim and the facts that support the claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted to and including **July 23, 2024,** in which to show good cause, in writing to the Honorable John W. Lungstrum, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted to and including **July 23, 2024,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. If Plaintiff fails to file a response and/or a proper amended complaint in the time allotted, this matter may be dismissed without further notice to Plaintiff. The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated June 21, 2024, in Kansas City, Kansas.**

<u>S/  James P. O'Hara</u>
**JAMES P. O'HARA**
**UNITED STATES MAGISTRATE JUDGE**