IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    **Plaintiff,**

    v.                              CASE NO. 24-3098-JWL

VITAL CORE HEALTH SRATEGIES,
LLC, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is in custody at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC") and he proceeds in forma pauperis. On June 21, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his complaint should not be dismissed for the reasons set forth in the MOSC or, in the alternative, to file an amended complaint to cure the deficiencies. Plaintiff has filed an amended complaint (Doc. 5) and a motion to join claims (Doc. 6).

In the MOSC, the Court found that Plaintiff's complaint was subject to dismissal for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, which means that the complaint fails to give opposing parties fair notice of the basis of the claim or claims against them. (Doc. 4, p. 3-5.) The Court further noted in the MOSC that Plaintiff asserts claims of inadequate medical care at JCADC, including claims regarding the denial of his request for a back brace. *Id*. at 7. The Court cautioned Plaintiff to refrain from including claims in his amended complaint that he has already raised in cases currently pending before this Court. *Id*. at 5-6. The Court noted:

> The first of Plaintiff's now-pending actions—Case No. 24-3036-JWL—includes claims regarding his medical care at the JCADC, including the treatment (or lack of treatment) he receives for his spinal injury. Even more specifically, Plaintiff alleges in that case the denial of his request for a back brace; he makes a claim of deliberate indifference to serious medical needs and of policies that lead to this deliberate indifference; and he names as defendants the Johnson County Board of Commissioners, Sheriff Hayden, Vital Core, unnamed JCADC deputies, unnamed JCADC medical staff, and Dr. Stanton.
>
> Then, when Plaintiff filed case number 24-3063-JWL, he raised in that action a claim that "he has not received adequate medical care for his injuries," including a specific complaint regarding the denial of a back brace.

*Id.* at 6-7 (citations omitted).

Rather than raising duplicative claims in multiple cases, the Court explained that "Plaintiff should seek to join the claims and parties necessary in case number 24-3036-JWL as required and as allowed by the Federal Rules of Civil Procedure, including Rules 15, 18, and 20." *Id*. at 7. The Court stated in the MOSC that "[i]f Plaintiff wishes to file an amended complaint and assert non-duplicative claims in this matter, he must properly use the required court-approved form to file a complete amended complaint." *Id*. at 9.

Plaintiff has now filed an Amended Complaint (Doc. 5) and a Motion to Join Claims (Doc. 6). In his Amended Complaint, Plaintiff continues to assert claims regarding the medical care he received at JCADC. (Doc. 5, p. 4-7.) Plaintiff has also filed a Motion to Join Claims in this case, as well as in Case Nos. 24-3036-JWL and 24-3089-JWL. This Court ruled on the motion in Case No. 24-3036-JWL as follows:

> Plaintiff seeks to join the claims he brought in Case Nos. 24-CV-3089-JWL and Case No. 24-CV-3098-JWL with his claims in this action. The Court in those cases, as well as in Case No. 24-CV-3076, found that some or all of Plaintiff's claims were duplicative of his claims here and stated that "all claims of inadequate medical care at the JCADC related to Plaintiff's back injury and his treatment for

2

> that condition should be brought in case number 24-3036-JWL." *See Crump v. Vital Core Health Strategies, LLC, et al.*, Case No. 24-CV-3089-JWL, Doc. 7, at 8; *Crump v. Vital Core Health Strategies, LLC, et al.*, Case No. 24-CV-3098-JWL, Doc. 4, at 7; *Crump v. Clemens, et al.*, Case No. 24-CV-3076-JWL, Doc. 6, at 6.
>
> Therefore, Plaintiff's motion is granted. He is directed to include all of his claims of inadequate medical care at the JCADC in any amended complaint he may file in this action.

*Crump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL, Doc. 36, at 15-16 (D. Kan. July 16, 2024). The Court then granted Plaintiff until August 16, 2024, in which to file a complete and proper amended complaint in Case No. 24-3036-JWL. *Id*. at 16.

In this case, the Court will grant Plaintiff's motion to join claims to the extent that he seeks to include all of his claims of inadequate medical care at the JCADA in any amended complaint that he may file in Case No. 24-3036-JWL. The Court will not dismiss this case until Plaintiff has filed his amended complaint in Case No. 24-3036-JWL.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Join Claims (Doc. 6) is **granted** to the extent that he seeks to include all of his claims of inadequate medical care at the JCADA in any amended complaint that he may file in Case No. 24-3036-JWL. The Court will not dismiss this case until Plaintiff has filed his amended complaint in Case No. 24-3036-JWL.

**IT IS SO ORDERED**.

**Dated July 23, 2024, in Kansas City, Kansas.**

                                      **S/ John W. Lungstrum**
                                      **JOHN W. LUNGSTRUM**
                                      **UNITED STATES DISTRICT JUDGE**